**Dated: May 06, 2010**

**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**TRINITY PRECISION FLOW CONTROL,**      **Case No. 10-80341-TRC**
**LLC,**      **Chapter 11**

         **Debtor.**

### SUPPLEMENTAL ORDER REGARDING CASH COLLATERAL

There came on for final hearing before this Court on April 7, 2010, Debtor's Motion for

Authority to Use Cash Collateral (Docket Entry 30), Objection by Valbart s.r.l. (Docket Entry 117),

and Debtor's Response to Valbart's Objection (Docket Entry 127).  Appearances were entered by

Thomas Creekmore and Bonnie Hackler for Debtor, Joe Farris and Sid Swinson for Creditor Valbart

s.r.l. ("Valbart"),  Kayci Hughes for Larry Feld, Marc Herzstein and Brent Scheps ("Lenders"), and

Paul Thomas for the United States' Trustee.

The parties entered into an agreement regarding most of the terms of the final Cash Collateral

Order, and the Court entered that Order on April 16, 2010 (Docket Entry 169).  The parties disagreed

as to payment of interest to Lenders as adequate protection and that issue was submitted to this Court to decide. With permission of the Court, Lenders filed a Brief in Support of Allowing Interest Payments to Certain Pre-Petition Lenders as Adequate Protection for Debtor's Use of Cash Collateral (Docket Entry 161), and Valbart filed its Memorandum in Opposition to Interest Payments as Adequate Protection Under Proposed Cash Collateral Order (Docket Entry 162). This Court then took the matter under advisement.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding. After hearing the arguments of counsel and reviewing the pleadings, this Court determines that interest payments to the Lenders shall be allowed as adequate protection, but that such payments shall be paid into a separate bank account, from which no withdrawals may be made pending further order of this Court.

## I.     Relevant Facts.

The relevant facts that this Court presumes as true for the purpose of these motions are summarized as follows:

Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on March 5, 2010. Lenders loaned approximately $ 2,800,000 to Debtor in November of 2007. They claim to hold valid, enforceable and allowable claims against Debtor, secured by all of Debtor's real property, fixtures, cash, accounts, equipment, general intangibles and other personal property. Valbart is a supplier of valves and related products, which Debtor sells pursuant to an Amended Distributorship Agreement. Valbart contends that it is a secured creditor by virtue of a perfected security interest as of February 16, 2010, arising under the Distributorship Agreement, which secures Debtor's indebtedness to Valbart for purchase of inventory. Debtor's Schedule D lists each Lender

2

as holding a secured claim valued at $ 900,000. Debtor did not list these claims as contingent, unliquidated, or disputed. Debtor's Amended Schedule F lists Valbart as holding an unsecured, nonpriority claim valued at $ 10,477,012.57. Debtor checked the boxes indicating that Valbart's claim is contingent, unliquidated, and disputed. Debtor has filed an adversary proceeding against Valbart to avoid its pre-petition lien, Case No. 10-8023-TRC.

Debtor filed its Motion for Authority to Use Cash Collateral (Docket Entry 30), requesting adequate protection for Lenders consisting of replacement liens, a super-priority claim, and monthly interest payments. The Motion did not request adequate protection payments to Valbart. This Court entered an Interim Order Authorizing Use of Cash Collateral (Docket Entry 88) on March 24, 2010. The Interim Order allowed as adequate protection for Lenders monthly interest payments of $ 18,700, and a replacement lien in Debtor's cash. Valbart did not receive adequate protection payments under the Interim Order.

Valbart objected to the entry of a final order on cash collateral that did not include adequate protection payments to itself. It also objected to payments to Lenders. Neither the Debtor nor the U.S. Trustee objected to the interest payments to Lenders. At the final hearing on the cash collateral order, Debtor's counsel indicated that Debtor was in good financial condition, had nearly $ 800,000 cash on hand, and could make the monthly interest payments to Lenders without hardship. Debtor also agreed to make adequate protection payments to Valbart by paying all proceeds from sales of pre-petition inventory into a separate bank account. However, the parties could not agree regarding interest payments to Lenders. That issue is now before this Court.

Debtor's Amended Summary of Schedules lists assets of nearly $ 11,000,000, secured claims of $ 2,800,000, priority unsecured claims of $ 3,520.91, and unsecured nonpriority claims of

3

$ 10,477,512.57.  Its Monthly Operating Report for March, 2010, (Docket Entry 176) lists assets of nearly $ 11,000,000, and net operating income for the month of approximately $ 32,000.

## II.    Contentions of the Parties.

Lenders argue that they are entitled to interest payments as adequate protection, pursuant to § 361.  They also cite § 506(b) as requiring payment of post-petition interest on an oversecured claim.  Lenders state that no formal challenge to their claim has been initiated.  Valbart argues that Lenders' security interests are not valid, and that Lenders are insiders of Debtor whose security interests are voidable under § 547.  Valbart also argues that the payments do not fall under § 506(b), because Lenders' claims are not "allowed" claims pursuant to §§ 501 and 502.  Valbart states that Debtor's application to employ special counsel to investigate and prosecute preference actions against Lenders as insiders is an acknowledgment that there is a "substantial issue as to the insider status" of Lenders.

## III.    Conclusions of Law.

Section 506(b) provides: "To the extent that an allowed secured claim is secured by property the value of which, . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim . . . ."  This raises two questions for this Court: 1) do Lenders possess an "allowed secured claim," and 2) if so, is the claim oversecured?  An allowed claim is defined in § 502(a): "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  Although Lenders did not file a proof of claim, § 1111(a) provides that a proof of claim is deemed filed under § 501 if it appears in debtor's schedules and is not scheduled as disputed , contingent, or unliquidated.

Debtor has listed Lenders as having secured claims that are not contingent, unliquidated, or

4

disputed. Therefore, pursuant to § 1111(a), Lenders' claims are deemed filed under § 501. As filed claims under § 501, Lenders' claims are deemed allowed under § 502(a) unless Valbart files a formal objection with notice and hearing under § 502(b) and Fed. R. Bankr. P. 3007. If Valbart intends for the Court to determine the validity, priority, or extent of Lenders' lien in Debtor's property, it must do so by filing an adversary proceeding under Rule 7001.

No formal objection to claim nor adversary proceeding has been filed to avoid Lenders' secured claims. Valbart does question the validity of Lenders' claim, but only through its objection to the cash collateral order. Valbart does not object to Lenders being allowed the replacement lien as adequate protection, in the event its secured claim status is proven non-avoidable. The Court is aware that special counsel may investigate whether avoidance actions should be filed against Lenders, but none have been commenced at this time. Therefore, this Court finds that for purposes of this cash collateral order, Lenders' have allowed secured claims.

Based upon the Debtor's schedules, it appears that as of the date of filing bankruptcy, the value of Debtor's property subject to Lenders' security interest was significantly in excess of Lenders' claims. Thus, Lenders appear to be oversecured. Debtor's first Monthly Operating Report and the representations of Mr. Llewellyn at the first hearing on cash collateral order, March 24, 2010, indicate that Lenders' claims continue to be oversecured post-petition. Therefore, the Court finds that Lenders' qualify for interest payments pursuant to §506(b).

Courts are given discretion in deciding issues regarding adequate protection for parties claiming an interest in collateral, and should decide such issues flexibly upon the particular facts of each case. *Mbank Dallas, N.A., v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987) (citations omitted). This Court notes that even though Debtor has objected to Valbart's

secured claim and filed an adversary proceeding to determine its validity, the cash collateral order does include adequate protection payments to Valbart into a separate bank account. Further, the Debtor agrees to the payment of interest to Lenders as adequate protection and states that it has sufficient income to make such payments. Therefore, this Court finds that relief similar to that given Valbart shall be available to Lenders, and orders the payment of interest in the amount of $ 18,700.00 per month into a separate bank account. As with the parties' agreement regarding Valbart's adequate protection payments, no withdrawals may be made from this account without the consent of Valbart and Lenders, or upon further order of this Court.

## IV.  Order of the Court.

IT IS THEREFORE ORDERED that Debtor shall make adequate protection payments to Lenders in the form of  monthly interest payments in the total amount of $ 18,700.00 per month. Such payments shall be made into a separate bank account, from which no withdrawals may be made without the consent of Valbart and Lenders, or upon further order of this Court.

IT IS FURTHER ORDERED that the terms and conditions set forth in this Court's previous Final Order Authorizing Use of Cash Collateral entered on April 16, 2010 (Docket Entry 169) shall remain in full force and effect, except as modified herein.

###